ORIGINAL

# In the United States Court of Federal Claims

No. 15-606C
(Filed: July 2, 2015)

FILED
JUL - 2 2015
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

LORNA Y. CHANNER,

        *Plaintiff,*

v.

THE UNITED STATES,

        *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Appearing *pro se*, plaintiff filed her complaint on June 15, 2015. It is apparent on the face of the complaint that we lack jurisdiction over it. We must therefore dismiss it.

Plaintiff asks the court to award her "90,000 Gold and Silver Coin per violation" of her rights arising under provisions of the United States Constitution, the Constitution of the State of Connecticut, and various federal statutes, including the Federal Tort Claims Act. Compl. 19. Her complaint consists almost entirely of strings of legalese quoted from actual sources of law or common legal parlance. It is, however, largely devoid of any factual allegations. Plaintiff lists Bank of America and several members of the federal judiciary as defendants and accuses the bank and the judges of committing white-collar crimes and the judges of violating their constitutional oaths, but she does not allege how.

Although the *pro se* plaintiff is afforded latitude in her filings, *see, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995), and is entitled to a liberal construction of her pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), the *pro se* plaintiff is not relieved of her duty to meet the court's jurisdictional requirements, *see Henke*, 60 F.3d at 799. Further, our rules require that when

we "determine[] at any time that [we] lack subject-matter jurisdiction, [we] must dismiss the action." RCFC 12(h)(3). Such is the case here.

The Tucker Act, this court's primary grant of jurisdiction, only gives this court authority to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012) (emphasis added). Excluded from this court's jurisdiction are allegations of tortious conduct, criminal matters, such as "White Collar Crime," Compl. 1, claims based on state constitutions, and suits filed against private parties like the Bank of America. Furthermore, any claims based on the Federal Tort Claims Act are within the exclusive jurisdiction of the district courts. 28 U.S.C. § 1346(b)(1) (2012). Even reading plaintiff's complaint in the light most favorable to her, we are unable to discern a cognizable claim that lies within our jurisdiction.

On June 26, 2015, the clerk's office received a document from plaintiff that appears, in large part, to replicate portions of her original complaint, but it is not clear if it is meant to be an amended complaint. The clerk's office did not file the document for that reason and because it is missing the docket number of this case and a proof of service, both of which are required by our rules for every filing. We have reviewed that document. It would be futile to allow it filed as an amended complaint because we would lack jurisdiction.

Accordingly, the following is ordered:

1. The clerk's office is directed to return unfiled the document received on June 26, 2015.

2. The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly.

ERIC G. BRUGGINK
Judge